IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY A. MILLER, | * | |
| | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | No. _____ |
| | * | **Jury Demanded** |
| WAL-MART STORES EAST, LP, | * | |
| | * | |
|     Defendant. | * | |

**COMPLAINT FOR RACE DISCRIMINATION
AND RETALIATION IN EMPLOYMENT**

COMES NOW the Plaintiff, Nancy A. Miller, and would state unto the Court as follows:

### I. Introduction

1. This lawsuit is instituted pursuant to Title VII of the Civil Rights Act of 1964 [hereinafter "Title VII"], 42 U.S.C. § 2000e et seq. as amended.

### II. Jurisdiction and Venue

2. This Court's jurisdiction lies pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331.

3. All conditions precedent to jurisdiction under 42 U.S.C. § 2000e-5(f)(3) have occurred or been complied with, to wit: a charge of employment discrimination was filed with the Equal Employment Opportunity Commission within 300 days of the commission of the unfair employment practice by the plaintiff (attached Exhibit A); a Notice of Right-to-Sue was

received from the Equal Employment Opportunity Commission on the charge (attached Exhibit B); and this Complaint was filed within 90 days of receipt of the Notice of Right-to-Sue on the discrimination charge. Jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended.

4.      All or a substantial portion of the acts complained of herein took place in the Western District of Tennessee. Therefore, venue is proper with this Court.

### III. Parties

5.      Plaintiff, Nancy A. Miller [hereinafter "Plaintiff" or "Plaintiff Miller"], is an adult African-American resident of Jackson, Tennessee. Plaintiff was employed by Defendant from April 1998 until approximately August 6, 2014. At all relevant times hereinafter mentioned Plaintiff was an employee as contemplated by Title VII.

6.      Defendant-Company, Wal-Mart Stores East, LP, is a Delaware limited partnership doing business in Madison County, Tennessee. At all relevant times hereinafter mentioned, Defendant-Company was an employer as defined by 42 U.S.C. § 2000e-(b).

### IV. Facts

7.      On or about April 7, 1998, Plaintiff Miller began her employment with Defendant as a Sales Associate at Store #335 in Jackson, Tennessee.

8.      On or about August 20, 2006, Plaintiff Miller became an Accounting Associate.

9.      Plaintiff Miller worked in the position of Accounting Associate continuously until August 6, 2014, the date of the termination of her employment with Defendant. While in this position, Plaintiff worked in an area known as the accounting office.

10. In December 2012, Samantha Knipper, an Assistant Manager for Defendant came into the accounting office and told Plaintiff and another African-American employee that the office was "ghetto" and filthy and needed to be cleaned.

11. Ms. Knipper subsequently informed Plaintiff that it was her responsibility to clean the accounting office and take out the trash. Ms. Knipper also prohibited eating in the accounting office.

12. At the end of March 2013, Ms. Knipper gave Plaintiff a performance review. While not bad, this review downgraded Plaintiff's performance and did not credit her for the work she did during the busy holiday and tax seasons with no extra help.

13. The Knipper review was also lower than Plaintiff's prior review for similar work.

14. As a consequence of this review, Plaintiff was denied as large of raise as she otherwise would have received.

15. When Plaintiff complained of this review and Ms. Knipper's conduct outlined in paragraphs 10 – 11 above to her store manager, Jeff Schutlz, she was told that if she did not like it, she could go someplace else.

16. Plaintiff complained that this conduct was discriminatory against her based on her race.

17. Shortly after this complaint, Mr. Schultz and Ms. Knipper began an extended effort to investigate Plaintiff's job performance in an apparent effort to find a reason to terminate he employment.

18. At no time prior to this had there been any issue with the performance of any of Plaintiff's job duties.

19. Over the next several months, Mr. Schultz and/or Ms. Knipper interviewed Plaintiff's co-workers about alleged shortages in the cash office. They did not interview Plaintiff about these issues, indicating that they felt Plaintiff was involved in the shortages.

20. When Plaintiff inquired of another worker why she was investigating an alleged shortage, Plaintiff was called into Mr. Schultz' office and informed that she had no right to make this inquiry.

21. In addition to the foregoing, Defendant began to not order supplies for the accounting office, not sign her paperwork, mislocate paperwork essential to Plaintiff's job performance and required Plaintiff to catch up with all of the loose coins which came into the store during the preceding week.

22. On or about July 8, 2013, Plaintiff complained of this conduct and reiterated her prior complaint to Mr. Schultz to Mr. Russ Steiner, Market Manager, and Carmen Semion, human resources.

23. In or about August 2013 Plaintiff discovered that Mr. Schultz and/or Ms. Knipper were counting and/or instructing others to check only Ms. Miller's work. This was done as part of the continuing effort to find cause to terminate her employment.

24. In September 2013, Mr. Schultz gave Plaintiff a disciplinary write-up for not bringing papers to another associate. Plaintiff received this write-up despite having no knowledge of what papers were requested.

25. On or about September 28, 2013, Plaintiff took her prior complaints of race discrimination to Mike Duke, an executive with Defendant, because she had not received any assistance or response to her prior complaints.

26. In or about October 2013, the other African-American employee in the accounting office quit. She was not replaced, causing Plaintiff to have to work alone in the accounting office until March 2014.

27. On or about November 19, 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. This Charge alleged race discrimination and retaliation.

27. On or about April 4, 2014, Plaintiff received a disciplinary write-up for allegedly leaving a bank deposit on the counter on March 12, 2014. The deposit for March 12, 2014 was picked up by Loomis at 12:27 p.m. Plaintiff clocked out at approximately 3:00 p.m. The deposit Plaintiff was alleged to have left out after she left for the day had been picked up before she left the workplace.

28. After this, Defendant's management began to make unnecessary corrections in the system and instructing Plaintiff to do the same, allowing paperwork to pile up and not following procedures with regard to the accounting office. When Plaintiff sought to correct these items, she was instructed that her corrections were not necessary.

29. On or about June 24, 2014, Plaintiff was informed that Defendant had completed its investigation into her September 2013 complaint. As a result of that investigation, Defendant determined that Plaintiff was working in a hostile work environment, that the accounting office was understaffed and that proper policies and procedures were not being followed by management. Plaintiff was also asked to be part of the team training management on the correct policies and procedures in the accounting office.

30. At or about this time, Plaintiff asked to be moved out of the accounting office.

31. Plaintiff's request was denied.

32. On or about August 6, 2014, Plaintiff is called into Mr. Schultz' office and informed of the termination of her employment. Plaintiff is advised that she allegedly left check deposits on the counter in the accounting office on July 29, 31 and August 1.

33. Plaintiff avers that this reason is pretext for intentional discrimination in that Plaintiff was never shown video tape of the alleged incident despite same being available and the records showed the alleged deposits were picked up prior to the end of her work shift.

## V. Count I – Race Discrimination

34. Plaintiff hereby restates and incorporates by reference as if set forth in full the allegations of paragraph 1 – 33 of the Complaint.

35. As an African-American Plaintiff's employment is protected against race discrimination by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

36. Plaintiff avers that she met the legitimate expectations of her employer while working in the accounting office.

37. Plaintiff avers that while she was employed by Defendant, she was subjected to unequal terms and conditions of her employment because of her race.

38. Plaintiff avers that the stated reasons given for the termination of her employment is mere pretext for intentional discrimination against her because of her race (African-American).

39. As a result of Defendant's unlawful acts, Plaintiff has suffered and will continue to suffer loss of earnings and fringe benefits and compensatory damages in the form of future

pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

40. Due to the willful, intentional, pervasive and malicious nature of Defendant's acts, Plaintiff is entitled to punitive damages to dissuade the Defendant from such future conduct.

### VI. Count II – Retaliation

41. Plaintiff hereby restates and incorporates by reference as if set forth in full the allegations of paragraph 1 – 40 of the Complaint.

42. Plaintiff complained of and/or opposed Defendant's discriminatory employment practices both internally and through the Equal Employment Opportunity Commission.

43. After making these complaints, Plaintiff began to be subjected to adverse job actions, including, but not limited to enhances scrutiny, efforts to sabotage her work, unjustified discipline, limiting of her assistance in the work and increasing her workload.

44. Ultimately, Plaintiff's employment was terminated. The reason for Plaintiff's termination was pretextual for intentional retaliation.

45. As a result of Defendant's unlawful acts, Plaintiff has suffered and will continue to suffer loss of earnings and fringe benefits and compensatory damages in the form of future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

46. Due to the willful, intentional, pervasive and malicious nature of Defendant's acts, Plaintiff is entitled to punitive damages to dissuade the Defendant from such future conduct.

**WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:**

1. That the Court find that the Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of 42 U.S.C. § 2000e et seq., declare such practices of Defendant unlawful, and enjoin Defendant from any further acts of unlawful discrimination;

2. That the Court find that the Defendant retaliated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of 42 U.S.C. § 2000e et seq., declare such practices of Defendant unlawful, and enjoin Defendant from any further acts of unlawful discrimination;

3. That this Court order Defendant to reinstate Plaintiff to her former position or a comparable position, or in lieu thereof, to order front pay and benefits until the time of reinstatement;

4. That this Court award Plaintiff damages to fully compensate her for her loss of earnings, fringe benefits, plus interest, and compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses;

5. That Plaintiff be awarded punitive damages in such amount as the jury may find reasonable for Defendant's illegal actions;

6. That Plaintiff be awarded reasonable attorney's fees and the costs of this action;

7. That Plaintiff be awarded such other and further relief as may be deemed just and proper; and

Plaintiff requests that a jury try the issues when joined.

Respectfully submitted,

/s/ James R. Becker, Jr.
James R. Becker, Jr. (016582)
BECKER LAW FIRM
5100 Poplar Avenue, Suite 2606
Memphis, TN  38137
(901) 881-6205
jbecker@memphisemploymentlawyer.net